Filed 3/16/23  M.R. v. B.I. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| M.R.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>B.I.,<br><br>Defendant and Appellant. | H049624<br>(Santa Clara County<br>Super. Ct. No. 20CP000104) |

M.R. (Mother) petitioned the trial court to change the surname of her minor child (Minor) by adding her surname to the surname of B.I. (Father).  The court granted the requested change over the opposition of Father, who now appeals.  We affirm.  Although the evidence presented by the parties was limited, the trial court had adequate grounds for finding that the name change supports the mother-child relationship and therefore is in Minor's best interests.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

When Minor was born in April 2019, Mother and Father were unmarried, but they nonetheless agreed to give Minor Father's middle name and surname.  The relationship between Mother and Father ended in January 2020, and the next month Mother filed a proceeding under the Uniform Parentage Act (Fam. Code, § 7600 et seq.) asking, among other things, for sole legal custody and joint physical custody.  In response, Father

acknowledged being Minor's parent but sought joint legal and sole physical custody. In September 2020, the trial court ordered joint legal as well as physical custody.

Ten months later, in July 2021, Mother requested an order changing Minor's surname from Father's surname, as originally given, to a hyphenated combination of both parents' surnames (Mother's surname-Father's surname). Father opposed the request, objecting that, when Minor was born, Mother had agreed to give him Father's surname. Father also objected that Mother had not made this request when the proceedings began in February of 2020. Finally, Father argued that Minor already knew his full name and changing it would confuse him, that the proposed hyphenated name would be longer and more difficult, and that the name would require burdensome changes with the Social Security office and other government agencies.

In September 2021, the trial court held a hearing on the name change. Father testified that Mother had agreed with him on Minor's first, middle, and last names, and that the full name has a "special meaning," albeit unspecified, to each of them. Referencing a video, Father also testified that Minor already knew his full name and asserted that changing it "would be confusing to him." Father asserted as well that the proposed name was so complicated that it "would make [Minor] feel even more different." Mother testified that, when Minor was born, she and Father "had big plans for the future" and she had not thought to hyphenate Minor's surname.

On October 25, 2021, the trial court granted Mother's request and ordered Minor's name changed. The court did not make any explicit findings or explain its reasoning. It simply declared that "Mother's request to change the minor's name is granted" and ordered how that would be done. Although Father did not request a statement of decision, he timely appealed, proceeding by way of a settled statement.

## II. DISCUSSION

More than four decades ago our Supreme Court abolished the common law right of fathers to have children bear their surnames and held that the "sole consideration when

2

parents contest a surname should be the child's best interest." (*In re Marriage of Schiffman* (1980) 28 Cal.3d 640, 647 (*Schiffman*).) Family courts exercise broad discretion in determining a child's best interest, and best interest determinations generally are reviewed under a "deferential abuse of discretion test." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) With respect to name changes, the best interest determination is significantly factual in nature, and the factual aspects of that determination are reviewed under the substantial evidence standard, (*In re Marriage of Douglass* (1988) 205 Cal.App.3d 1046, 1054–1055; *In re Marriage of McManamy & Templeton* (1993) 14 Cal.App.4th 607, 611 (*McManamy*)), which requires the appellate court to consider the evidence in the record "in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving conflicts in its favor" (*Jessup Farms v. Baldwin* (1983) 33 Cal.3d 639, 660). Father has not satisfied the burden imposed by this deferential standard of review.

Father contends that the trial court misapplied the law in failing to determine that the name change was in Minor's best interests. It is true that the trial court's order does not contain any findings or otherwise explain its conclusion that the name change is in Minor's best interest. These omissions, however, do not help Father because he failed to request a statement of decision explaining the trial court's determination. (See Code Civ. Proc., § 632.) As a consequence, under the doctrine of implied findings, the trial court must be assumed to have made all factual findings needed to support its order. (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58; see also Code Civ. Proc., §§ 632, 634.) Thus, we must assume that the trial court implicitly found that the name change was in Minor's best interest. Indeed, Father offers no reason why the trial court would not have applied this well-established requirement.

Father also contends that the trial court's order was not supported by substantial evidence. We disagree. In requesting that her surname be added to Father's, Mother stated that she wanted Minor "to also have my name." As the Supreme Court has

3

recognized, " 'the maternal surname might play a significant role in supporting the mother-child relationship . . . where the custodial mother goes by her birth-given surname.' " (*Schiffman*, *supra*, 28 Cal.3d at p. 647, italics omitted.)  For example, including Mother's surname in Minor's surname will help his "future friends, neighbors, teachers, acquaintances, and family . . . associate" Mother with him.  (*Id*. at p. 648)  In addition, including Mother's surname in Minor's may avoid confusion or minimize delay when she picks him up from school, camp, a care provider, or any number of activities that require demonstration of a familial relationship.  Thus, while not extensive, Mother's testimony satisfies the substantial evidence standard, which requires only that the trial court have evidence that is "reasonable in nature, credible, and of solid value."  (*In re Dakota H*. (2005) 132 Cal.App.4th 212, 228.)

In addition to denying that the changed name will benefit Minor in any way, Father contends the change will harm Minor by confusing and alienating him.  In particular, Father points to his assertions below that Minor already knew his full name and changing it "would be confusing to him" and that the lengthy hyphenated name sought by Mother will "make him feel even more different."  The trial court was not required to accept these assertion and the assumptions implicit in them, and we may not reweigh the evidence before it.

Other factors are often considered in determining a child's best interests, but none of them casts doubt on the trial court's determination.  In holding that a change in a child's surname should be based on the child's best interest, the Supreme Court identified several factors to consider: (1) the age of the child; (2) the length of time the child has used a surname; (3) the effect of a name change on preservation of the father-child relationship; (4) the strength of the mother-child relationship; (5) identification of the child as part of a family unit; and (6) the embarrassment or discomfort a child may feel at having a surname different from that of the rest of the family.  (*Schiffman*, *supra*, 28 Cal.3d at p. 647; *McManamy*, *supra*, 14 Cal.App.4th at pp. 609-610.)

4

These factors do not help Father. The first two factors—the age of the child and the length of time the child has used a surname—have little weight here because Minor was only a bit over two-and-one-half years old when his name was changed. The third factor, the impact on the father-child relationship, is not implicated because the changed name includes Father's surname and continues to associate Minor with him. The fourth factor, the strength of the mother-child relationship, supports the name change because, as shown above, the change strengthens that relationship. The fifth factor, identification with a family unit, is not significantly implicated because the changed name includes the surnames of both Mother and Father. And the final factor, having a different surname than other family members, is not implicated because Minor has no siblings with different surnames.

Father also points out that Mother agreed to Minor's given name and that she waited more than a year and a half after initiating the proceeds below before requesting the name change. While Father's frustration with these shifting positions is understandable, they have no bearing on Minor's best interests and provide no grounds for challenging the trial court's order.

In short, we conclude that sufficient evidence supports the trial court's order.

### III.  DISPOSITION

The October 26, 2021 order granting the name change requested by Mother is affirmed.

5

_____
BROMBERG, J.

WE CONCUR:

_____
DANNER, ACTING P.J.

_____
WILSON, J.

*M.R. v. B.I.*
H049624